UNITED STATES DISTRICT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GRACE M. BAILEY,

    Plaintiff,

v.                              CASE NO._____

PENTAGON FEDERAL CREDIT
UNION,

    Defendant.

_____

# COMPLAINT

Plaintiff, GRACE M. BAILEY, (hereinafter referred to as the "Plaintiff" or "Bailey") sues the Defendant, PENTAGON FEDERAL CREDIT UNION (hereinafter referred to as the "Defendant" or "PenFed") and alleges as follows:

## *INTRODUCTION*

1. This is an action for damages and other relief to redress the deprivation of rights secured to the Plaintiff by the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA), and for retaliation in violation of the ADA, workers compensation retaliation.

## *JURISDICTION AND VENUE*

2. The jurisdiction of the Court over this controversy is invoked pursuant to the provisions of the Americans with Disabilities Act, 42 U.S.C. § 12117(a); the Americans with Disabilities Act Amendments of 2008 (ADAA), retaliation in violation of the ADA and the Florida Civil Rights Act (FCRA); and retaliation under the Florida Workers Compensation Act.

3. Bailey received a Right to Sue letter from the U.S. Equal Employment Opportunity Commission dated October 16, 2019. She has completed all conditions precedent to the bringing of this action.

4. The unlawful employment practices alleged below were committed in the State of Florida within the Northern District of Florida.

## *PARTIES*

5. At all times material hereto, Bailey was an employee within the meaning of the ADA, ADAA, the Florida Civil Rights Act and the Florida Workers Compensation Act.

6. PenFed is a federal credit union that provides services to its members, and is an employer within the meaning of the ADA, ADAA, and the FCRA and the Florida Workers Compensation Act.

## *FACTS*

7.  Bailey began her employment with PenFed on April 3, 2017, as a Branch Service Representative.

8. Bailey performed the duties of her position in an excellent manner.

9. On January 6, 2017, Bailey fell at work and sustained a significant on-the-job injury. (Closed head injury with post-concussion syndrome.)

10.  As a direct result of her injury, Bailey was out from work from January 6, 2018, to June 6, 2018.  She received Workers Compensation benefits, including continuing medical treatment.

11.  Bailey is a qualified individual with a disability:

   a)  She has a physical or mental impairment that substantially limits one or more major life activities, wit:  she has a mental disability.

   (b)  She has a record of such impairment; and,

   (c)  She was regarded by her employer as having an impairment.

12. Bailey's disability substantially affects one or more major life activities including, but not limited to:  thinking, concentration, speaking, and memory loss.

13.  At all times material hereto, Bailey had and continues to have the ability to perform the essential functions as a Branch Service Representative, with or without a reasonable accommodation.

14. At all material times hereto, the PenFed was aware that Bailey was disabled.

15. PenFed failed to conduct an "inter-active process" to determine what, if any accommodation would be appropriate for Bailey.

16. PenFed failed and refused to accommodate Bailey's disabilities.

17. When Bailey returned to work after her injury, she was not allowed to perform the duties of her position. Instead, she served as a customer greeter, answered the telephone and performed janitorial services at the credit union.

18. Additionally, when Bailey returned to work from her injury, she was harassed by her co-worker, Lisa Madris. On an almost daily basis she would bully Bailey by yelling at her and calling her "stupid" and "dumb". Further, Mrs. Madris told Bailey in the presence of her co-workers that Bailey was too slow to be working at the credit union and should be fired. Madris also told Bailey that "you are not always here." Madris told Bailey that she should be "ashamed of herself for filing a worker compensation claim and that she should be fired."

19. Bailey reported Lisa Madris' bullying and harassing behaviors were reported to Human Resources and to Gelin Shelly, the Branch Manager on numerous occasions. However, no corrective action was ever taken.

20. At all times material hereto, PENFED had an anti-harassment policy that states in relevant part:

*"It is the policy of PenFed that harassment, discrimination, and retaliation by supervisors, managers, **co-workers**, and third parties, such as suppliers or customers, is prohibited. Harassment based on race, religion, color, national origin, ancestry, **physical or mental disability**, **medical condition**, genetic information, marital status…"*

21. On November 8, 2018, Bailey was placed on a 90 day probationary period by Troy Ferguson, Senior Manager, Branch Operations and Derrick Harris, VP, Branch Operations, for the following performance issues described below:

    a. On September 18, 2018, you were given a verbal warning for six instances of tardiness.

    b. On October 13, you were given a written warning for nine additional instances of tardiness.

    c. You made a $5,172.04 transaction error.

    d. On November 2, 2018, you made three additional transaction errors.

    e. You reversed a transaction of $30.00 to fund a checking account and instead transferred $25.00 to the wrong account.

    f. You failed to deposit $500.00 to a members account when you were given a deposit slip.

    g. You cashed an "on-us" check incorrectly.

    h. On November 6, 2018, you were scheduled to arrive at 8:15 am and did not arrive until 8:26 am.

22. As a result of this probation, Bailey became inelige for any merit increases, bonuses, incentives or awards paid in 2018.

23. The conduct that placed Bailey on the 90 day probation was already addressed in written warning issued on October 30, 2018.  The November 8, 2018, letter of probation, includes virtually the same conduct.  In effect, Bailey was disciplined twice for the same conduct.

24. The reasons provided to Bailey to substantiate her being placed on probation, are pretextual and designed to cover up unlawful disability discrimination and workplace harassment.  Many employees of PenFed were frequently tardy and were not disciplined in any way.  Northwest Florida suffered many storms and hurricanes during the months of September and October 2018, which interfered with getting to work.

25. Errors that Bailey make were due to long-term system errors.  Further, comparable employee made the same or similar cash handling or transaction errors and were not disciplined in any manner.  Some were much more serious than Bailey's alleged errors.

26. None of the alleged errors committed by Bailey caused the PenFed to lose any money and were easily corrected.

27. On or about November 16, 2018 at a morning meeting with the PenFed Staff and Troy Ferguson, Senior Manager, Branch Operations, Lisa Madris

engaged in the same type bullying behavior directed to Bailey.[1] Mr. Ferguson overheard the harassing, bullying and inappropriate comments. He stated that this was work behavior he had ever seen in 29 years in baking.

28. Lisa Madris was immediately terminated by Mr. Ferguson.

29. Bailey was treated less favorably that similarly situated non-disabled employees. Bailey's work was intensely scrutinized. Her ledger was reviewed on a daily basis. Similarly situated employees did not have their work scrutinized or have a daily review of their ledgers.

## FIRST CAUSE OF ACTION
### (Disability Discrimination-Federal Claim)

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29 of this Complaint with the same force and effect as if set forth herein.

31. By the above acts, PenFed violated the ADA and the ADA Amendments by failing to accommodate Plaintiff's disabilities.

32. By the above acts, PenFed violated the ADA and the ADA Amendments by failing to conduct an "inter-active" process to determine what, if any accommodation would be appropriate for Bailey.

---

[1] Apparently, Ms. Madris was unaware that Mr. Ferguson was on the telephone.

33. Bailey is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff, Grace M. Bailey, by and through her undersigned attorneys, requests the Court to enter a judgment granting the following relief:

a. Back pay and benefits;

b. Front pay in lieu of reinstatement;

c. Compensatory damages;

d. Attorney fees and the costs of this action;

e. Any other damages that the Court deems just and proper in the premises.

## SECOND CAUSE OF ACTION
### (Retaliation under the ADA and ADAA)

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29, of this Complaint with the same force and effect as if set forth herein.

35. By the above acts, PenFed retaliated against the Plaintiff in violation of the ADA and the ADA Amendments.

36. Bailey is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff, Grace M. Bailey, by and through her undersigned attorneys, requests the Court to enter a judgment granting the following relief:

a. Back pay and benefits;

b. Front pay in lieu of reinstatement;

c. Compensatory damages;

d. Attorney fees and the costs of this action;

e. Any other damages that the Court deems just and proper in the premises

### THIRD CAUSE OF ACTION
*(Discrimination under the FCRA)*

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29 of this Complaint with the same force and effect as if set forth herein.

38. By the above acts, PenFed discriminated against the Plaintiff in violation of Florida Civil Rights Act (FCRA), Chapter 760, Florida Statutes.

39. Bailey is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff, Grace M. Bailey, by and through her undersigned attorneys, requests the Court to enter a judgment granting the following relief:

a. Back pay and benefits;

b. Front pay in lieu of reinstatement;

c. Compensatory damages;

d. Attorney fees and the costs of this action;

e. Any other damages that the Court deems just and proper in the premises

*FOURTH CAUSE OF ACTION*
*(Retaliation under the FCRA)*

40. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 29 of this Complaint with the same force and effect as if set forth herein.

41. By the above acts, PenFed retaliated against the Plaintiff in violation of FCRA.

42. Auge is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff, Grace M. Bailey, by and through her undersigned attorneys, requests the Court to enter a judgment granting the following relief:

a. Back pay and benefits;

b. Front pay in lieu of reinstatement;

c. Compensatory damages;

d. Attorney fees and the costs of this action;

e. Any other damages that the Court deems just and proper in the premises

*JURY DEMAND*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action on all issues so triable.

Respectfully submitted,

*/s/ R. John Westberry*
R. John Westberry, Esq.
Florida Bar No.: 24466
Email: rjw@westberrylaw.net
   Clayton M. Connors, Esq.
Florida Bar No.: 0095553
Email: cconnors@westberrylaw.net
WESTBERRY & CONNORS, LLC
3000 Langley Ave., Suite 300
Pensacola, FL 32504
Telephone: 850-473-0401
Facsimile: 850-473-1388

Attorneys for the Plaintiff
GRACE M. BAILEY